UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO. 25-80967-CIV-CANNON/Reinhart

**MICHAEL PATRICK GIOIA**,

    Plaintiff,

v.

**LAKELAND COUNTY MENTAL HOSPITAL**,

    Defendant.
_____/

**ORDER ACCEPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION, DISMISSING COMPLAINT, CLOSING CASE, AND DEEMING PLAINTIFF A VEXATIOUS LITIGANT**

**THIS CAUSE** comes before the Court upon Magistrate Judge Reinhart's Report and Recommendation on *pro se* Plaintiff's Complaint and Motion for Leave to Proceed in *forma pauperis* (the "Report") [ECF No. 4]. On August 4, 2025, Plaintiff filed his Complaint in this case, entitled "Complaint for Violation of Civil Rights" [ECF No. 1]. As best the Court can tell from the mostly blank form provided, Plaintiff appears to seek relief pursuant to 42 U.S.C. § 1983 against Defendant Lakeland County Mental Hospital associated with his previously denied state habeas petition under 28 U.S.C. § 2254 [ECF No. 1]. That same day, Plaintiff also filed a Motion for Leave to Proceed in *forma pauperis* [ECF No. 3]. Magistrate Judge Reinhart thereafter issued the instant Report, recommending that the Motion be denied and that Plaintiff's Complaint be dismissed as a frivolous, shotgun pleading [ECF No. 3]. The Report also chronicles Plaintiff's larger pattern of vexatious filings in this district and recommends that the Court "deem the Plaintiff to be a vexatious litigant, and issue a limited injunction restricting the Plaintiff from filing any further motion, pleading or other paper in this action, or any new lawsuit against the above-mentioned defendants, their agents or successors, without prior approval from the Court or unless

such filings are signed by an attorney authorized to practice before this Court" [ECF No. 3 p. 6].[1] Objections to the Report were due by an extended deadline of September 15, 2025 [ECF No. 6]. No party has filed objections, and the time to do so has expired [ECF No. 6].

To challenge the findings and recommendations of a magistrate judge, a party must file specific written objections identifying the portions of the proposed findings and recommendation to which objection is made. *See* Fed. R. Civ. P. 72(b)(3); *Heath v. Jones*, 863 F.2d 815, 822 (11th Cir. 1989); *Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006). A district court reviews de novo those portions of the report to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1). To the extent a party fails to object to parts of the magistrate judge's report, the Court may accept the recommendation so long as there is no clear error on the face of the record. *Macort*, 208 F. App'x at 784. Legal conclusions are reviewed de novo, even in the absence of an objection. *See LeCroy v. McNeil*, 397 F. App'x 554, 556 (11th Cir. 2010); *Cooper-Houston v. S. Ry. Co.*, 37 F.3d 603, 604 (11th Cir. 1994).

Following appropriate review, the Court finds the well-reasoned Report to contain no clear error of fact or law. Accordingly, for the reasons set forth in the Report [ECF No. 4], it is hereby

**ORDERED AND ADJUDGED** as follows:

1. The Report and Recommendation [ECF No. 4] is **ACCEPTED**.

    a. Pursuant to the Court's inherent authority to control its docket and prevent abuse of the judicial process, Plaintiff Michael Patrick Gioia is **DECLARED** a

---

[1] The Report chronicles Plaintiff's vexatious history in this district, including "eight consecutive complaints (including the pending Complaint [ ]) in 2025 and a total of ten complaints between 2024 and 2025—four of which were filed on the same day" [ECF No. 4 p. 4 (collecting case citations)]. All of Plaintiff's "complaints either stem from or are related to petitions filed under 28 U.S.C. § 2254 which were later dismissed" [ECF No. 4 p. 4].

CASE NO. 25-80967-CIV-CANNON/Reinhart

vexatious litigant. **Plaintiff is enjoined from filing further pleadings or motions in this action without leave of the Court or the signature of an attorney authorized to practice in this district. More generally, Plaintiff shall not file any new action in this district against Defendant Lakeland County Mental Hospital or its agents or successors, without prior approval from the Court or unless such filings are signed by an attorney authorized to practice before this Court**.

    b.    The Clerk is **DIRECTED** to refuse any further pleadings or motions in accordance with this Order.

2. The Motion for Leave to Proceed *In Forma Pauperis* [ECF No. 3] is **DENIED**.

3. Plaintiff's Complaint [ECF No. 1] is **DISMISSED WITHOUT PREJUDICE**, but without leave to replead.[2]

4. The Clerk shall **MAIL** a copy of this Order to Plaintiff at the address listed below.

5. The Clerk is directed to **CLOSE** this case.

**ORDERED** in Chambers at Fort Pierce, Florida this 17th day of September 2025.

AILEEN M. CANNON
**UNITED STATES DISTRICT JUDGE**

cc:    **Michael Patrick Gioia**
125 S. State Rd 7, 104-322
Wellington, Florida 33414

---

[2] The Court determines that any amendment to Plaintiff's Complaint in this action would be futile given the frivolous nature of the complaint and the numerous cases previously filed (and pending) in this district regarding identical subject matter (his Florida state habeas petition) [*see* ECF No. 4 p. 4].

3